STATE OF MISSOURI *ex rel.* DAVID P. DYER, Secretary of the State Senate, Petitioner, *v.* ALONZO THOMPSON, State Auditor, Respondent.

*General Assembly—Journals—Printing—Revenue.*—By the provisions of the statutes (G. S. ch. 7 & 20), the reports and documents presented to either house of the General Assembly constitute part of the journals required to be kept by the secretary and clerk, and are required to be printed as an appendix to the journals. The secretary of the Senate is therefore entitled to be paid for copies of such reports and documents furnished to the public printer, to be bound up with the reports of the daily proceedings.

*Petition for Mandamus.*

WAGNER, Judge, delivered the opinion of the court.

The relator alleges in his petition that on the —— day of January, 1867, he was elected secretary of the Missouri State Senate; that after such election he took the oath of office and entered upon the discharge of the duties of the office, and so continued until the 14th day of March, 1867, at which time the regular session of the 24th General Assembly adjourned; that by the laws of the State it was made his duty as such secretary to keep a journal of the proceedings at the Senate, and to cause a copy thereof to be furnished to the

public printer for the press ; that the same had been furnished, and that the public printer has printed the same from the copy so made out and delivered to him by the relator. It is further averred that the relator made out his account for copying the said journal and duly presented the same to the State Auditor for allowance, but that the Auditor refused to draw his warrant for copying that part of the journal which included the appendix. The answer of the Auditor admits the correctness of the account, but states that, in view of the action of the Legislature at its late session, he does not feel justified in auditing that portion of the account of the relator wherein he claims for the matter contained in the appendix.

The only question raised for the determination of the court, is, whether the appendix which the law authorizes and requires to be printed and bound with the journal, constitutes a part of the journal proper, so as to entitle the secretary to receive the same pay for making it out as the law allows for copying the daily proceedings of the Senate.

Section 17, ch. 7, of the General Laws makes it the duty of the Senate and House of Representatives to cause the journals of their respective houses to be copied and prepared for press, without delay. Section 20 of the same chapter prescribes the amount which shall be allowed by the secretary and the clerk of the respective houses for copying the journals for the press, and requires the State Auditor to audit and adjust the accounts when presented for such services.

Section 21 of ch. 20 provides that the journals of each house shall be bound in a certain manner, and explicitly declares that the reports and public documents shall be contained within the journals under the head of appendix ; and by section 28 the duty is devolved on the secretary of the Senate and clerk of the House of Representatives to furnish to the public printer, every day during the session of the General Assembly, a copy of the journal of their respective houses for the day preceding, till the whole journal shall be copied and delivered.

These last two sections must be construed together.   Sec. 28 does not undertake to define what shall constitute the journal, but merely prescribes the daily duties of the secretary and clerk in transcribing and furnishing the proceedings of each house while in session.   But section 21 states without ambiguity, and with unquestioned clearness, that reports and public documents shall be contained within the journal, under the head of appendix.   The appendix then must be taken to, be a part of the journal.   The law contemplates that the secretary and clerk shall furnish the printer the reports and public documents which make up the appendix, and are included in and form a part of the journal, in the same manner as they do the daily proceedings of the Legislature ; and when they perform that duty, they are entitled to pay for all alike.

It stands admitted on the record that the work was done by the petitioner, and a peremptory mandamus must therefore be ordered.   Judge Holmes concurs ; Judge Fagg not sitting.